UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBY WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-0379 (RBW) |
| ) | |
| v. ) | |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL ) | |
| UNITED STATES POSTAL SERVICE ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Pursuant to Fed. R. Civ. P. 12(b) (3) and 28 U.S.C. §§1404(a) and 1406(a), defendant John E. Potter, Postmaster General, hereby moves to dismiss this action for lack of venue. In the alternative, defendant moves to transfer this action to the District of Maryland. If this Court determines not to dismiss or transfer this case on these grounds, defendant alternatively moves for an enlargement of time of thirty (30) days from the date the Court rules on this motion to file an answer or otherwise respond to the complaint in the above-referenced matter.

A memorandum of points and authorities in support of this motion and a proposed order are filed herewith.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

        /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


        /s/
_____
HEATHER GRAHAM-OLIVER,
Assistant United States Attorney
Judiciary Center Building, Rm. 4-4808
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**BOBBY WASHINGTON,**                )
                                    )
       **Plaintiff,**              )   Civil Action No. 07-0379 (RBW))
                                    )
       **v.**                       )
                                    )
**JOHN E. POTTER,**                  )
**POSTMASTER GENERAL**               )
**UNITED STATES POSTAL SERVICE**     )
                                    )
       **Defendant.**              )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

**I. PRELIMINARY STATEMENT**

Plaintiff, Bobby Washington, an employee in the Arlington Road, Bethesda Maryland, Post Office has initiated this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, alleging gender discrimination and retaliation for having engaged in prior EEO activity.  See Complaint §§ 10 and 15.

As discussed below, plaintiff's claims should be dismissed or, alternatively, this Court should transfer plaintiff's case to the District of Maryland because venue is improper in the District of Columbia.  In the event the Court decides not to dismiss or transfer plaintiff's case, defendant respectfully requests an additional 30 days from the date of this Court's ruling to file an answer or otherwise respond in this matter.

## II   ARGUMENT

### A.   This Case Should Be Dismissed for Lack of Venue.

Plaintiff's complaint should be dismissed or transferred for improper venue. A challenge to venue is properly raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3). Turbeville v. Central Intelligence Agency, 525 F. Supp. 1070, 1072 (D.D.C. 1981). In Title VII actions, venue is governed by 42 U.S.C. § 2000e-5(f) (3), which states:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principle office. . . .

42 U.S.C. § 2000e-5(f) (3). This statute preempts all other federal venue provisions that otherwise might apply, and applies to suits brought against federal agencies. Stebbins v. State Farm Mutual Automobile Ins. Co., 413 F.2d 1100 (D.C. Cir.), cert. denied, 396 U.S. 895 (1969); Johnson v. Washington Gas Light Co., 89 F. Supp. 2d 45, 46 (D.D.C. 2000); Archuleta v. Sullivan, 725 F. Supp. 602, 604 (D.D.C. 1989); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983). "The law demands that this suit can go forward here only if venue is appropriate under the special venue provisions governing Title VII." Washington v. General Electric Corp., 686 F. Supp. 361, 362 (D.D.C. 1988).

As indicated in the statute, venue under Title VII is limited to three preferred fora: (1) where the alleged unlawful practice was committed; (2) where the employment

2

records relevant to the practice are maintained; and (3) where the aggrieved party would have worked but for the alleged unlawful employment practice.[1] 42 U.S.C. § 2000e-5(f) (3); Stebbins, 413 F.2d at 1103.

For the reasons set forth below, none of the three possible sources of venue in this case would justify retaining the case in the District of Columbia.

### 1. Location of allegedly unlawful employment practices.

In evaluating the location of an allegedly unlawful employment practice, courts in this district have utilized a "commonsense appraisal of events having operative significance in the case." See Donnell, 568 F. Supp. at 94 (citing Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)); see also Counts v. Reno, No. 95-1911, 1996 WL 148510 (D.D.C. 1996). "Venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside Washington even though actions taken in the District of Columbia 'may have had an impact on plaintiff's situation.'" Mackey v. Sullivan, No. 90-0007, 1991 WL 128510, at *2 (D.D.C. 1991) (quoting Donnell, 568 F. Supp. at 94), aff'd, 1993 U.S. App. LEXIS 5760 (D.C. Cir. 1993), aff'd, 1994 U.S. App. LEXIS 14297 (D.C. Cir. 1994), cert. denied, 513 U.S. 1043 (1994); Hayes v. RCA Service Co., 546 F. Supp. 661 (D.D.C. 1982).

Utilizing this approach, it is clear that all of the allegedly unlawful employment practices challenged here occurred at the Arlington Road, Maryland Post Office where the plaintiff is currently employed. See, attached Declaration of Terri Taylor, Manager, Customer Service Office of the Arlington Road Post office located in Bethesda,

---

[1] Only if the defendant (or respondent) cannot be found in one of those three districts can an action be brought in the judicial district where the respondent has its principle office. 42 U.S.C. § 2000e-5(f) (3); Stebbins, 413 F.2d at 1103; Archuleta, 725 F. Supp. at 604-05. As discussed further, venue would be proper in the District of Maryland. Thus, there is no basis for venue here.

Maryland [hereinafter Exh. A]. In fact, plaintiff does not allege that any of the actions complained of had any connection whatsoever with Washington D.C., let alone, that they occurred in Washington D.C. As a result, this venue factor is satisfied only for the District of Maryland, which is the district encompassing Bethesda, Maryland.

### 2. Location of relevant employment records.

The declaration submitted herewith also makes clear that with respect to this second venue factor, the relevant personnel files are neither administered nor maintained in Washington, D.C. Rather, such records are located in the Bethesda Main Post Office located in Bethesda, Maryland or at the Arlington Road Post Office. Exh. A, ¶ 2. The Southern Maryland Processing and Distribution Center (P&DC) houses Plaintiff's administrative EEO files, including the Report of Investigation in this matter and Plaintiff's Official Personnel File (OPF). Id., at ¶ 3, 4. Arlington Road and Bethesda Main Post Offices are the custodians of supervisory notes and files relevant to plaintiff's allegations. Id., at ¶ 3. Based on the foregoing, the only possible district satisfying this second factor is in the District of Maryland.

### 3. Location where plaintiff would have worked but for the allegedly unlawful employment practice.

There is nothing in the complaint to suggest that plaintiff would have worked in Washington D.C. but for the alleged unlawful employment practices. In fact, plaintiff has not alleged, nor can he allege, that but for the alleged discrimination he would have worked in the District of Columbia.

### B. In the Alternative, the Court Should Exercise Its Discretion to Transfer the Case to the District of Maryland.

Defendant seeks the dismissal of plaintiff's claims for lack of venue. A District Court is permitted, however, to transfer a case such as this one where venue is not proper in the district where the case was originally filed to a judicial district where venue is proper. See 28 U.S.C. § 1406(a). In the event that this Court declines to dismiss the case altogether, the Court may, therefore, transfer the case to the District of Maryland.

Furthermore, even if this Court were to determine that venue is somehow technically proper in this district (and it should not), the case should still be transferred to the District of Maryland. Such a transfer is authorized under 28 U.S.C. § 1404(a), which permits the transfer of any case "[f]or the convenience of the parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." The purpose of § 1404(a) "is to prevent the waste of 'time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19 (1960)).

Transfer to the District of Maryland is justified under § 1404(a) for a number of reasons. First, there is no nexus between plaintiff's choice of forum and the subject matter of this case. The alleged discriminatory acts of which plaintiff complains occurred in Bethesda, Maryland. See attached Exh. A; see also Donnell, 568 F. Supp. at 94 (venue cannot lie in the District of Columbia when a substantial part, if not all, of the employment practices challenged in the action took place out side of the District of Columbia even though actions taken in the District of Columbia may have had an impact on plaintiff's situation). These employees are likely to be witnesses at trial. Second, virtually all of the relevant employment records pertaining to plaintiff's claims

5

are located in Maryland.  <u>See</u>  Exh. A, ¶¶ 3, 4.  Third, plaintiff also resides in Maryland and continues to be employed by the Arlington Road Post Office, in Maryland.  <u>See</u> Complaint, ¶3; Exh. A, ¶ 2; <u>Matt v. Baxter Healthcare Corp.</u>, 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) (a locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled to less weight).  Consequently, this case should be transferred to the District of Maryland.  <u>Matt</u>, 74 F. Supp. 2d at 470 (plaintiff's choice of forum is not determinative when other factors strongly militate, as they do here, in favor of transfer); <u>Claasen v. Brown</u>, 1996 U.S. Dist. LEXIS 1872 at *18 (D.D.C. Feb. 16, 1996) (same).

### III. **CONCLUSION**

For the foregoing reasons, venue for this case is not appropriate in the District of Columbia; therefore, this case should be dismissed.  In the alternative, this Court should transfer this case to the District of Maryland.

Respectfully submitted,

/s/

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

6

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building, Rm. 4-4808
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BOBBY WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN E. POTTER, POSTMASTER GENERAL )<br>UNITED STATES POSTAL SERVICE )<br>)<br>Defendant. )<br>) | Civil Action No. 07-0379 (RBW) |

### DECLARATION OF TERRI TAYLOR

I, Terri Taylor, make the following Declaration in lieu of an affidavit, in accordance with 28 U.S.C. § 1746. I am aware that this Declaration will be filed in the United States District Court for the District of Columbia and that it is the legal equivalent of a statement under oath.

1. I am currently the Manager, Customer Service of the Arlington Road Post Office located in Bethesda, Maryland. In that capacity, I have been made aware of the district court complaint filed by Plaintiff Bobby Washington in the above-captioned case.

2. During all relevant times to the complaint, Plaintiff has worked as a Part-Time Flexible City Carrier at the Arlington Road Post Office located in Bethesda, Maryland.

3. All alleged employment practices challenged in the instant complaint arise out of Plaintiff's employment at the Arlington Post Office. All employment records pertaining to the aforementioned employment practices are located at the Bethesda Main Post Office and the Arlington Road Post Office, including all supervisory notes and files

relevant to Plaintiff's allegations.

  4. The administrative EEO files, including the Report of Investigation in this matter and Plaintiff's Official Personnel File are maintained at the Southern Maryland P&DC located in Capital Heights Maryland.

I declare the foregoing to be true and correct.

  Executed this _____ day of June 2007.

*/s/ Terri Taylor*
Terri Taylor
United States Postal Service

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
**BOBBY WASHINGTON,**                  )
                                                        )
       **Plaintiff**                            ) Civil Action No. 07-0379
                                                        )(RBW)
                                                        )
       **v.**                                        )
                                                        )
**JOHN E. POTTER,**                          )
**POSTMASTER GENERAL**            )
**UNITED STATES POSTAL SERVICE** )
                                                        )
       **Defendant.**                        )
_____)


## ORDER

Upon consideration of Defendant's Motion to Dismiss, it is hereby ORDERED that Defendant's Motion is GRANTED.

It is further ORDERED that this case is DISMISSED from the docket of the Court.


                                                                            _____
                                                                            REGGIE B. WALTON
                                                                            UNITED STATES DISTRICT JUDGE

Dated:

Copies to:

Heather Graham-Oliver
Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001

Nathaniel D. Johnson & Associates, L.L.C.
3475 Leonardtown Road, Suite 200
Waldorf, MD  20602